**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
WILLIAM PELZER,

                             Plaintiff,

            - against -

DETECTIVE RICHARD T. SCHINDER, et al.,

                            Defendants.
-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 01-2253 (JS) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      Before me is defendants' second motion requesting a Report and Recommendation dismissing this case for failure to prosecute. Docket Entry ("DE") 69 at 2. Defendants contend that the case should be dismissed because incarcerated *pro se* plaintiff William Pelzer, ("Pelzer") has failed to comply with court orders–specifically, that Pelzer failed to participate in the preparation of a joint pretrial order. Defendants' first motion for failure to prosecute was based on Pelzer's failure to serve a written narrative statement. *See* DE 62. Pelzer has filed, what he describes as a "motion for voluntary dismissal" apparently requesting that his case be dismissed. DE 72. For the reasons set forth below, I recommend that plaintiff's claims be dismissed with prejudice on the basis of plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure rather than plaintiff's apparent motion for voluntary dismissal.

I.     Background

      I held a status conference in this case on September 24, 2004. At that conference, I discussed with the parties Pelzer's failure to serve a narrative statement on defendants, as previously ordered by Magistrate Judge Wall (to whom this case was referred until July 7, 2004, when it was reassigned to me), DE 57, and also discussed Pelzer's failure to comply with two

subsequent orders (dated December 26, 2003, DE 39 and April 20, 2004, DE 45) to serve his narrative statement on the defendants. As a result of that conference, I permitted the defendants to file a motion seeking appropriate relief, including a recommendation of dismissal for failure to participate in discovery. *Id*. The defendants did so, and on May 26, 2005, I denied that motion on the ground that – despite much procedural confusion, most of which was attributable to Pelzer's failure to comply with Judge Wall's scheduling order, DE 33 – it appeared that Pelzer had indeed served his statement, DE 48, and had simply not seen fit to mention that fact at the conference on September 24, 2004. DE 62. In denying the defendants' motion, I cautioned Pelzer that any further failure to comply with a court order or to cooperate in discovery would result in a recommendation that his case be dismissed. *Id*. at 3.

On July 7, 2005 I issued an order setting the schedule by which a pretrial order was to be prepared. In doing so, I again cautioned Pelzer that "failure to comply with these requirements may result in a dismissal of his complaint." DE 67. By letter dated October 5, 2005, the defendants informed me that Pelzer had failed to comply with any of the deadlines stated in the latter order and had not participated at all in preparing a pretrial order. DE 69. Accordingly, they again moved to dismiss Pelzer's claims for failure to prosecute. *Id*.

While that application was pending, on October 12, 2005, I received from Pelzer a letter dated September 28, 2005, styled "MOTION FOR VOLUNTARY DISMISSAL." DE 72. Pelzer's letter cited Rule 41(b) of the Federal Rules of Civil Procedure and appeared to request the dismissal of his case, although he did not state whether such a dismissal would be with or without prejudice. DE 72. Pelzer has made no other submission that might be viewed as a response to the defendants' pending application.

II. Discussion

A dismissal for failure to prosecute is committed to the court's sound discretion. *See Jenkins v. City of New York*, 176 F.R.D. 127, 128-129 (1997) (citing *Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. 1995)). Unless otherwise specified, a dismissal for failure to prosecute under Rule 41(b) is with prejudice. Fed. R. Civ. P. 41(b). Failure to prosecute may involve a plaintiff's "pattern of dilatory conduct" or "an action lying dormant with no significant activity to move it." *Barahman v. Sullivan*, 1992 WL 226293, *1 (E.D.N.Y. May 15, 1992) (citing *Lyell Theatre Corp. V. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)) (internal quotations omitted).

In determining whether a dismissal with prejudice is warranted, the court must examine several factors: "(1) the duration of plaintiff's failure; (2) whether plaintiff received notice that further delay would result in dismissal; (3) whether defendant will suffer prejudice by further delay; (4) a balancing of the need to relieve the court's calendar congestion with the plaintiff's right to due process; and (5) the efficacy of lesser sanctions." *Jenkins*, 176 F.R.D. at 129 (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994)). No one factor is dispositive. *Id*. (citing *Nita v. Conn. Dept. Of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)). Under this standard, a dismissal with prejudice is appropriate.

Pelzer has exhibited a "pattern of dilatory conduct" spanning almost two years beginning with his failure to serve a narrative statement on defendants pursuant to Judge Wall's October 31, 2003 scheduling order. DE 33. Throughout this time Pelzer has been warned in writing at least three times that his continued failure to either comply with court orders or to participate in discovery would result in the dismissal of his claims. *See* DE 57; DE 62; DE 67. The court would therefore be fully justified in granting the defendants' motion even in the face of Pelzer's

3

opposition. And although I would hesitate to rely on Pelzer's separate request for relief as the sole basis for a dismissal, the fact that he affirmatively requests such a disposition bolsters the conclusion that this case should end.

III.     Recommendation

For the reasons set forth above, I recommend that plaintiff William Pelzer's claims be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IV.     Objections

This Report and Recommendation will be filed on ECF. Counsel for the defendants are directed to serve a copy of this Report and Recommendation on Pelzer and to file proof of such service with the court. Any objection to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to me within 10 days of the completion of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.2d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated:  Central Islip, New York
        October 28, 2005

                                                    /s/ James Orenstein
                                                    JAMES ORENSTEIN
                                                    U.S. Magistrate Judge